IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BERNARD KATZ,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     C.A. No. 17-1328 (MN)
                                 )
JOSEPH APUZZO, JR., et al.,      )
                                 )
            Defendants.          )

## **MEMORANDUM OPINION**

Bernard Katz, Wilmington, Delaware.   Pro Se Plaintiff.

Christopher Viceconte, Esquire, GIBBONS P.C., Wilmington, Delaware; Jeffrey A. Schwab, ABELMAN, FRAYNE & SCHWAB, New York, New York.   Counsel for Defendants Joseph Apuzzo, Jr. and Regal Trading, Inc.

July 17, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

Plaintiff Bernard Katz ("Katz" or "Plaintiff") commenced this action on September 19, 2017. (D.I. 2). He appears *pro se* and has paid the filing fee. Pending are a motion to dismiss the Second Amended Complaint filed by Defendants Joseph Apuzzo, Jr. ("Apuzzo") and Regal Trading, Inc. ("Regal") (together "Defendants") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Plaintiff's letter/motion to proceed as sole proprietor of Telesonic Packaging Corp. ("Telesonic"), and Plaintiff's letter/motion to expedite. (D.I. 41, 47, 51). For the following reasons, the Court will dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction.[1]

## I.       BACKGROUND

In the original Complaint, Katz described himself as president and sole owner of a Delaware corporation with its principal business offices and facilities located at 805 East 13th Street, Wilmington, Delaware. (D.I. 2 ¶ 1). In the Amended Complaint and Second Amended Complaint, Katz describes himself as a "sole proprietor doing business as with a trade style of Telesonic Packaging Corp.", its offices and facilities located at 805 East 13th Street, Wilmington, Delaware. (D.I. 11 ¶ 1; D.I. 40 ¶ 1). The case revolves around Plaintiff's allegations that Regal refused to take delivery of an open purchase order for a product (*i.e.*, single serve coffee pods) manufactured and sold by Plaintiff after Regal claimed, without expert proof, that the product was defective. The Second Amended Complaint contains six counts as follows: Count I – breach of contract; Count II – breach of good faith and fair dealing; Count III – tortious interference; Count IV – fraud; Count V – unjust enrichment; and Count VI – violation of Uniform Trade Secrets Act.

---

[1]      Because the Court will dismiss the action for lack of personal jurisdiction, it does not address the alternative grounds for dismissal asserted by Defendants.

Defendants move to dismiss: (1) for lack of personal jurisdiction; and on the grounds that (2) Katz lacks standing to assert any of the claims in the Second Amended Complaint; (3) Counts III, IV, V, and VI fail to state claims upon which relief may be granted; (4) the Second Amended Complaint fails to state a claim against Apuzzo, individually; (5) the ad damnum clause is violative of D. Del. LR 9.4(a); and (6) the Second Amended Complaint fails to state a claim for punitive damages. (D.I. 42).

Plaintiff concedes there is no personal jurisdiction over unserved Defendants Sidney Abramowitz, William Garner, and Joseph Apuzzo, III. (D.I. 45 at n.1). In addition, Plaintiff concedes that the Second Amended Complaint fails to properly state claims under Counts III, IV, V, and VI and that punitive damages are not warranted, and agrees to amend the ad damnum clause. (D.I. 45 ¶¶ 15, 16, 17, 19, 21, 22).

## II.  <u>LEGAL STANDARDS</u>

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. When a defendant challenges a court's exercise of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Turner v. Prince Georges Cty. Pub. Sch.*, 694 F. App'x 64, 66 (3d Cir. 2017) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "To meet this burden, the plaintiff must produce 'sworn affidavits or other competent evidence,' since a Rule 12(b)(2) motion 'requires resolution of factual issues outside of the pleadings.'" *Brasure's Pest Control, Inc. v. Air Cleaning Equip., Inc.*, No. 17-323-RGA-MPT, 2018 WL 337747, at *1 (D. Del. Jan. 9, 2018) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

"[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, [however], the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361 (3d Cir. 2002)); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("Where a 'court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.'") (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.,* 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id*. (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, "determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute." *Id*. (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [defendants'] constitutional right to due process." *Id*. (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)); *see also IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

Under of Delaware's long-arm statute, 10 Del. C. § 3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the defendant or its agent:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;
(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C. § 3104(c)(1)-(4).

Subsections (c)(1) and (c)(2) provide for specific jurisdiction where the cause of action arises from the defendant's contacts with the forum. *Shoemaker v. McConnell*, 556 F. Supp. 2d 351, 354-55 (D. Del. 2008). "Subsection (c)(4) provides for general jurisdiction, which requires a greater extent of contacts, but which provides jurisdiction even when the claim is unrelated to the forum contacts." *Applied Biosystems, Inc. v. Cruachem, Ltd*., 772 F. Supp 1458, 1466 (D. Del. 1991) (citing *LaNuova D & B, S.p.A. v. Bowe Co*., 513 A.2d 764, 768 (Del. 1986)). General jurisdiction over a foreign entity only exists where that entity's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co.*, 326 U.S. at 317).

As for the second prong, the Due Process Clause "requires that a non-resident defendant have certain minimum contacts with a forum state – contacts that would provide the defendant 'fair warning' that he might be sued there – before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant." *Turner*, 694 F. App'x at 65-66 (quoting *Kehm Oil Co. v. Texaco, Inc*., 537 F.3d 290, 299-300 (3d Cir. 2008)).

The "paradigm" all-purpose forums for general jurisdiction is an individual's domicile and a corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Supreme Court rejected the notion that "continuous and systematic" contacts alone could confer general jurisdiction and clarified that the role of general

jurisdiction is to "afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." *Id*. at 136-139.

III. **<u>DISCUSSION</u>**

The Court addresses the issue of jurisdiction as it is dispositive of this case. Defendants move for the dismiss for lack of personal jurisdiction. They argue that there is neither general jurisdiction nor specific jurisdiction and Plaintiff cannot meet his burden of proving this Court has jurisdiction over them.

A. **General Jurisdiction**.

Defendants argue there is no basis to exercise general jurisdiction over them. Apuzzo notes that he is a resident of the State of Connecticut and, as set forth in his declaration, he does not own or lease any property or have any bank accounts in Delaware. (D.I. 44 ¶ 10). Apuzzo states that he has been to Delaware a few times, but they were professional visits as an officer of Regal. (*Id*. ¶¶ 17-18). Regal contends there is no general jurisdiction over it because it is a New York corporation with its principal place of business in Totowa, New Jersey, has other facilities in Purchase, New York, has no business locations in Delaware, neither owns nor leases property in Delaware, has no bank accounts in Delaware, does not sell its products directly into Delaware, and has never conducted any business in Delaware. (*Id.* ¶¶ 13, 15-16). Plaintiff responds that both Apuzzo and Regal have had "continuous and systematic contacts" with Delaware sufficient for general jurisdiction as reflected by their repeated purchases from Telesonic.

Apuzzo's declaration indicates that he has few contacts with Delaware. He resides in Connecticut, he owns no property in Delaware, and, other than driving through the state, recollects visiting Delaware only two times and both times on behalf of Regal – once in 2009 and once in 2012 and neither visit concerned the claims raised by Plaintiff. (D.I. 44 ¶¶ 20, 21). Those two

visits, three years apart, cannot support the requirement that Apuzzo must regularly conduct or solicit business in Delaware or engage in a "persistent course of conduct" in Delaware. *See e.g.*, *Compac Computer Corp. v. Packard Bell Electronics, Inc*., 948 F. Supp. 338, 344 (D. Del. 1996) (two events five years apart by corporate officer cannot support the general jurisdiction requirement to regularly conduct or solicit business in Delaware). Because he does not have sufficient contacts with Delaware, general jurisdiction does not exist over Apuzzo.

Nor does general jurisdiction exist over Regal. It is incorporated in New York and has its principal place of business in New Jersey. (D.I. 11 at 1) Therefore, Regal is not "at home" in Delaware. *Daimler*, 134 S. Ct. at 749. In addition, the Delaware Supreme Court, in applying *Daimler,* rejected the notion that "a corporation is subject to general jurisdiction in every state in which it 'engages in a substantial, continuous, and systematic course of business' calling that position 'unacceptably grasping.'" *Genuine Parts Co. v. Cepe*c, 137 A.3d 123, 136 (Del. 2016) (quoting *Daimler*, 571 U.S. at 138).

Based upon the record, the Court concludes that it does not have general jurisdiction over either Apuzzo or Regal.

### B.     Specific Jurisdiction.

Because there is no general jurisdiction over Apuzzo or Regal, the relevant inquiries are whether they transacted business, contracted to transact business, or committed a tortious injury through their actions in Delaware, as required for specific jurisdiction. *See* 10 Del. C. § 3104(c)(1)-(3). Apuzzo argues that there no basis to exercise "specific jurisdiction" as he has not engaged in any activities in Delaware that give rise to any of the allegations in the Second Amended Complaint, noting that the two meetings in Delaware concerned coffee processing equipment and a packaging machine, but did not concern purchase orders for single serve coffee

pods. Conversely, Plaintiff argues there is specific jurisdiction under § 3104(c)(1) (*i.e.*, transacts any business or performs any character of work or service in the State) as a result of the two meetings as well as purchases made "by Regal from Telesonic at Apuzzo's direction" for packing used in the processing of the single serve coffee pods sold to Regal. (D.I. 45 at 2). Plaintiff provided the Court with a summary print-out of machines purchased and associated costs. (D.I. 45, Exhibit A).

Subsection 3104(c)(1) requires "that the cause of action arise from the defendant's conduct in the forum state." *Shoemaker*, 556 F. Supp. 2d at 354-55. As discussed above, Apuzzo's declaration states that no business was consummated during his visits to Delaware on behalf of Regal, and not personally, and the visits do not form the basis of any of Katz's claims against him. "In order for a defendant to commit an act in Delaware and be subject to subsection (c)(3) [of the Delaware long-arm statute], the defendant, or an agent of the defendant, must be present in Delaware when the deed is done." *Sears, Roebuck & Company v. Sears,* 744 F. Supp. 1289, 1294 (D. Del. 1990).

The machine purchases are unrelated to the claims regarding the agreement to purchase single serve coffee pods. In addition, the record does not demonstrate the presence of Defendants in Delaware. Indeed, Plaintiff's list does not indicate that transactions or performance related to the underlying controversy occurred within the State of Delaware. The Court notes that the allegations in the Second Amended Complaint indicate that any activity or performance took place at Regal's facility, which is not located in Delaware.

Plaintiff also appears to argue there is specific jurisdiction because Regal purchased twelve packaging machines from Telesonic and because Regal and Telesonic entered into a non-disclosure and confidentiality agreement. To the extent Plaintiff relies upon § 3104(c)(2) (*i.e.*,

contracts to supply services or things in Delaware), and it is not clear that Plaintiff does, Delaware courts have consistently found that "contracts negotiated and performed outside of Delaware will not support personal jurisdiction." *Outokumpu Eng'r Enterprises, Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 730 (Del. Super. 1996). Even when contracts have been physically signed in Delaware, courts have found personal jurisdiction cannot be maintained if performance occurs wholly outside of the state. *See Blue Ball Properties v. McClain*, 658 F. Supp. 1310 (D. Del. 1987). Plaintiff's list does not provide factual support indicating that any part of the purchase of the twelve machines related to the provision of services within Delaware or where performance of the non-disclosure agreement occurs. Although the non-disclosure agreement contains a choice of law provision and a provision that each party consents to the jurisdiction of the court of the State of Delaware, it makes no reference to jurisdiction of federal courts.[2]

In light of the foregoing, the Court cannot find that either § 3104(c)(1) or (2) provide for specific jurisdiction of Defendants.

### C.     Due Process.

Assuming *arguendo* that the Court determined that Plaintiff had established a statutory basis for exercising general or specific jurisdiction, Plaintiff, nonetheless, has failed to establish that the exercise of person jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. Although Plaintiff is correct in stating that a foreign company's contacts – if continuous and systematic – can be sufficient to make it reasonably anticipate being hailed into court, the Supreme Court has made clear that such contacts must be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG v. Bauman*, 571 U.S.

---

[2]     As an aside, there are no allegations that Defendants violated the non-disclosure agreement to give rise to a claim under § 3104(c)(1) or that the non-disclosure agreement is related to the underlying controversy.

117, 139 n.19 (2014). Only "in an exceptional case" would a foreign business entity be "at home" in a place outside of its place of incorporation or principal place of business. *Id.* This not an exceptional case. Regal is a corporation under the laws of New York with its principal place of business in New Jersey, and it does not maintain any offices or employees in Delaware. Apuzzo resides in another state and has had very few contacts with Delaware. The record before the Court demonstrates that Defendants' connections to Delaware, if any, are limited. Accordingly, the Court finds that the exercise of general personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment.

Similarly, any exercise of specific jurisdiction over Defendants would not comport with the Due Process Clause. "In order for a court to exercise specific jurisdiction over a claim consistent with Due Process, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb v Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear*, 564 U.S. at 919). The Third Circuit follows a three-part analysis: (1) whether defendant purposefully availed himself of the forum, (2) whether the litigation arises out of defendant's activities in the forum, and (3) "whether the exercise of jurisdiction otherwise 'comports with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations and quotations omitted).

Purposeful availment requires "a deliberate targeting of the forum." *Id.* "[C]ontacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *Id.* The record before the Court does not support a finding that Defendants purposefully availed themselves to the State of Delaware. As discussed above, they both have few contacts with the State of Delaware. Nor does the evidence support a finding that Defendants deliberately targeted

the State of Delaware.  Thus, the Court finds that the exercise of specific personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment and traditional notions of fair play and substantial justice.

Plaintiff did not present any competent evidence to meet his burden to establish that personal jurisdiction exists over Defendants.  Therefore, the Court will grant Defendants' motion to dismiss on this ground.  Finally, the Court will *sua sponte* dismiss the remaining unserved Defendants in light of Plaintiff's confession that the Court lacks personal jurisdiction over them.

## IV.    <u>CONCLUSION</u>

For the above reasons, the Court will:   (1) grant Defendants' motion to dismiss as the Court lacks jurisdiction over Apuzzo and Regal (D.I. 41); (2) deny as moot Plaintiff's letter/motions to be proceed as sole proprietor of Telesonic Packaging Corp and to expedite (D.I. 47, 51); and (3) *sua sponte* dismiss Defendants Sidney Abramowitz, William Garner, and Joseph Apuzzo, III, for want of jurisdiction.

An appropriate Order will be entered.